

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00279-CR

———————————————————

FRANCISCO CHUA SOLIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1876746

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

After a jury convicted Appellant Francisco Chua Solis of aggravated kidnapping, he was sentenced to 15 years confinement. On appeal Appellant raises one issue: that the "trial court erred in admitting State's Exhibit Three over Appellant's objections."[1]

We begin by addressing the elephant in the room—the State's contention that Appellant's complaint on appeal is inadequately briefed. Because we agree with the State that Appellant's Brief is inadequate—and woefully so—we will affirm.

Appellant's Brief is lacking in several respects. First, its Statement of Facts contains sixteen sentences describing the basic facts of the case, yet of those sixteen, only three are supported by record references. *See* Tex. R. App. P. 38.1(g) ("The statement [of facts] must be supported by record references.").

The Statement of Facts is followed by a Background section, the entirety of which consists of one cut-and-pasted excerpt from the reporter's record spanning six pages with no further comment or elucidation.[2]

---

[1]At trial, Appellant argued that his due process rights were violated by the introduction of State's Exhibit 3 over his best-evidence objection. He also lodged a relevance and a hearsay objection.

[2]The excerpt begins with Appellant's trial counsel's objections to State's Exhibit 3, which is at issue on appeal. But the excerpt curiously ends with a request by counsel to take a bathroom break and permission granted by the trial court to do so, neither of which appear to have any bearing on issues germane to this appeal.

Following the Background section is the Standard of Review section, which meets minimum standards.

Moving on to the Discussion section, Appellant reiterates the best-evidence objection that his trial counsel made to the trial court regarding State's Exhibit 3; provides a brief, generalized explanation of the rule itself; and concludes with another cut-and-pasted excerpt from the reporter's record, with no reference to the location in the reporter's record where the passage can be found. *See* Tex. R. App. P. 38.1(i). But most notably missing from the so-called Discussion section is any discussion or analysis whatsoever of the interplay between the application of the best-evidence rule—or, for that matter, any other objection lodged at trial—and State's Exhibit 3. *See id.*

The next section, Due Process and a Fair Trial, contains the only arguable analysis in the entire brief. In it, Appellant offers a somewhat syllogistical argument, as follows: (1) to preserve error, trial counsel must make a timely objection at trial; (2) here, trial counsel made a timely objection, thus preserving error; (3) "[e]rgo, the trial court's overruling the objections to the admission of State's Exhibit Three was error." Appellant's argument—that simply because trial counsel lodged an objection and error was preserved, error, in fact, occurred—is a bold proposition wholly unsupported by logic or citation to any authority. *See id.* Indeed, this proposition so

contradicts such well-established principles in the law that this court will not waste its time in search of authority to support it.[3]

Appellant's Brief in this matter is wholly inadequate, falling well short of the standards that should be expected of an attorney practicing appellate law in this state.[4] Accordingly, we conclude that Appellant has forfeited his sole issue due to inadequate briefing.[5] *See* Tex. R. App. P. 38.1, 38.9.

---

[3]In its Brief, the State confirms that it found no legal support for this proposition.

[4]*See* Tex. Disciplinary Rules Prof'l Conduct R. 1.01(a) ("A lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence . . . ."), & cmt. 1 ("Competence is defined . . . as possession of the legal knowledge, skill, and training reasonably necessary for the representation. Competent representation contemplates appropriate application by the lawyer of that legal knowledge, skill and training, [and] reasonable thoroughness in the study and analysis of the law and facts . . . .").

[5]Even if we were to address what we perceive to be the gist of Appellant's argument on appeal, it would fail. Appellant's best-evidence objection is a dubious one, but even assuming that the video recording was not an original, as defined by Texas Rule of Evidence 1001(d), it was admissible under Rule 1004(b) as "other evidence" because the original "[could ]not be obtained by any available judicial process." Tex. R. Evid. 1004(b).

Here, the video recording at issue was a collection of footage—obtained from multiple cameras throughout an apartment complex—that depicted a particular vehicle as it moved through the complex's parking area during a limited time period. The recording was compiled by a video-editing company for the property manager, who testified at trial that the original footage from all of the cameras was likely destroyed prior to trial. The State explained to the trial court that the "raw video" footage was no longer available because after having made the compilation video, the video-editing company did not keep the raw footage. Because the original raw footage was no longer available—and had never been in the State's possession—the

4

Having overruled Appellant's sole issue on appeal, we affirm.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 4, 2026

---

trial court would not have abused its discretion by admitting the evidence under Rule 1004(b). *See id.*

And, as to Appellant's contention that his Fifth, Sixth, and Fourteenth Amendment rights to due process were violated by the admission of State's Exhibit 3, such contention is premised upon the assumption that the trial court erred by overruling his best-evidence objection. Because, as explained above, the trial court did not err by admitting State's Exhibit 3, the due process challenge fails. Moreover, Appellant's due process objection at trial lacked sufficient specificity as to which due process rights were violated by the admission of the video. *See* Tex. R. App. P. 33.1(a)(1). Furthermore, from what we can glean as Appellant's contention on appeal, it does not mirror the objection made at trial. For these additional reasons, Appellant's due process complaints have been forfeited. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that a party's particular appellate complaint is not preserved if it fails to comport with the complaint made at trial).